CLD-097                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1103
_____

IN RE:  HERNAN NAVARRO,
                                                          Petitioner
_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to D.V.I. Crim. No. 1-99-cr-00016-003)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 18, 2021
Before:  RESTREPO, MATEY and SCIRICA, Circuit Judges

(Opinion filed: March 31, 2021)

OPINION[*]
_____

PER CURIAM

Hernan Navarro was convicted of murder and other crimes in the District Court of

the Virgin Islands in 1999.  Over 10 years later, he filed a motion seeking relief from his

convictions under 28 U.S.C. § 2255.  The District Court dismissed it as untimely, and we

denied Navarro's request for a certificate of appealability.  (C.A. No. 18-2832.)  Navarro

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

later filed a motion under Fed. R. Civ. P. 60(b) with the District Court seeking to vacate its order dismissing his § 2255 motion. Navarro's Rule 60(b) motion remains pending.

At issue here is a mandamus petition that Navarro has filed with this Court. Navarro seeks an order directing the District Court to hold an evidentiary hearing on his Rule 60(b) motion. Navarro acknowledges that mandamus is available only if, inter alia, the petitioner has no other adequate means to obtain relief. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006). He further acknowledges that "a petitioner cannot claim the lack of other means to relief if an appeal taken in due course after entry of a final judgment would provide an adequate alternative to review by mandamus." Id. Navarro asserts, however, that "[i]f I do not get a hearing over the matter now, I will never get one."

Navarro has not provided any reason why that might be so. To the contrary, it appears that Navarro's efforts to obtain an evidentiary hearing are still ongoing before the District Court. Regardless, if the District Court denies Navarro's Rule 60(b) motion without holding an evidentiary hearing, then Navarro can appeal and raise the District Court's decision not to hold a hearing as an issue on appeal. We express no opinion on whether an evidentiary hearing might be warranted or on the merits of Navarro's Rule 60(b) motion. For present purposes, we hold only that Navarro has shown no reason why the issue of a hearing cannot await review if necessary on an appeal from the District Court's final order.

One final issue warrants brief discussion. Navarro asserts that he is "concerned" that the District Judge may be biased against him because Navarro threatened two

witnesses against him 20 years ago.  Navarro, however, has not raised anything calling the District Judge's impartiality into question.  He also has not requested any relief in this regard, and our review does not suggest any basis for such relief.